FILED IN CHAMBERS
U.S.D.C. - Atlanta

SEP 2 4 2013

James N. Hatten, Clerk
By: /s/ [signature]
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMAIL CHRISTOPHER BISCAINO, : <br> BOP Reg # 63184-019, : <br>    Movant, : <br> : <br> v. : <br> : <br> UNITED STATES OF AMERICA, : <br>    Respondent. : | CIVIL ACTION NO. <br> 1:13-CV-1057-ODE-JSA <br> <br> CRIMINAL ACTION NO. <br> 1:11-CR-455-3-ODE-JSA <br> <br> MOTION TO VACATE <br> 28 U.S.C. § 2255 |

## ORDER

Now before the Court are the Magistrate Judge's Final Report and Recommendation ("Report") (Doc. 200), recommending the denial of Movant's 28 U.S.C. § 2255 motion to vacate his sentence (Doc. 191); and Movant's objections to the Report (Doc. 202). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Court has conducted a *de novo* review of those portions of the Report to which Petitioner objects, and has reviewed the remainder of the Report for plain error. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983); *see also United States v. Smith*, 322 F. App'x 876, 878 n.2 (11th Cir. 2009).

Movant argues in his § 2255 motion that his trial counsel provided ineffective assistance by recommending that he accept a replacement plea agreement rather than keep his original agreement. (Doc. 191). Movant states that the original agreement

required only that he plead guilty to count one of his indictment in exchange for the dismissal of count two (*id.*), which count, upon conviction, would have required a consecutive seven-year term of imprisonment for using a firearm during the bank robbery charged in count one (Doc. 200 at 1-2). Movant claims that the replacement agreement, although never memorialized, contained the additional requirement that he testify against one of his accomplices, in exchange for which he would receive a further reduction in his sentence. After he testified, however, he received exactly the same sentence that he would have received under his original agreement. (Doc. 191). The Magistrate Judge rejected this argument because Movant stated under oath on more than one occasion, including when he testified at the trial of his accomplice, that he had been promised nothing other than the dismissal of count two. (*See* Doc. 200 at 17-19).

Movant objects that the Magistrate Judge erred by not ordering an evidentiary hearing to settle the following issue: "[B]y what sound reasoning did counsel advise movant to reject the initial plea and pursue the latter plea that carried a far greater burden, a burden of being labeled a snitch in prison that numerous courts – including the Eleventh Circuit have recognized has the potential for great harm?" (Doc. 202 at 1-2). Movant asserts that he did not argue in his § 2255 motion that there was a

2

"secret" plea agreement, as the Magistrate Judge surmised, but rather that his counsel advised him to accept the replacement agreement by misrepresenting to him that he would receive a further sentence reduction in exchange for his trial testimony. (*Id.* at 2). Movant argues that his counsel apparently offered the promise of a sentence reduction "of her own volition," which demonstrates her deficient performance. (*Id.* at 3). Movant argues further that he has shown prejudice arising from that deficient performance because his acceptance of the replacement plea agreement "increased [his] potential of being placed in great harm in the prison environment and the streets later without any benefits for following counsel's advice compelled by erroneous inducement." (*Id.* at 3-4). "Thus, did [he] forego a more favorable plea deal due to his counsel's false inducement." (*Id.* at 4).

For the reasons laid out by the Magistrate Judge in his thorough and well-reasoned Report, this Court rejects Movant's arguments, which are in substance identical to those he made in his § 2255 motion and equally unavailing. Movant's solemn declaration, oft repeated under oath, that he was promised no further benefit for his trial testimony, other than the benefit set forth in his plea agreement, i.e., the dismissal of count two against him, belies his contention that he was in fact promised something more.

3

Accordingly, the Court finds no error, plain or otherwise, in the Magistrate Judge's Report. The Court **OVERRULES** Petitioner's objections to the Report (Doc. 202); **ADOPTS** the Magistrate Judge's Final Report and Recommendation (Doc. 200) as its Order; **DENIES** Movant's 28 U.S.C. § 2255 motion to vacate his sentence (Doc. 191); and **DENIES** Movant a certificate of appealability.

**IT IS SO ORDERED** this 24 day of September, 2013.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE